(armed robbery) and three counts of aggravated battery, arose out of the same occurrence at the same time and place, so that, under Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m), there should be but one sentence for the legally greater of the offenses as discerned by comparing the maximum statutorily authorized punishment for each of the two crimes. (*People v. Gaines*, 11 Ill.App.3d 14, 295 N.E.2d 560.) Here, the defendant's acts constituting the offense of aggravated battery were not independently motivated or otherwise separable from the offense of attempt (armed robbery) and it was therefore improper for defendant to be sentenced on any count of aggravated battery, it being a lesser offense than attempt (armed robbery). *People v. Miller* (1971), 2 Ill.App.3d 206, 276 N.E.2d 395; *People v. Thompson* (1972), 3 Ill.App.3d 684, 278 N.E.2d 1.

■■ The judgments as to all four crimes charged are affirmed. The sentence for the crime of attempt (armed robbery) is also affirmed, but the sentences for the three offenses of aggravated battery are vacated.

Affirmed, sentences vacated in part.

DRUCKER, P. J., and ENGLISH, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY LUCAS, Defendant-Appellant.

(No. 57337;

First District (5th Division)—July 6, 1973.

PER CURIAM.
LORENZ, J., took no part.

Howard D. Geter, Jr., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DWIGHT COLEMAN, Defendant-Appellant.

(No. 57824;

First District (5th Division)—July 6, 1973.

PER CURIAM.
ENGLISH, J., took no part.